IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TASHA MILLS**<br>131 Charles St<br>Akron, OH 44304 | : : : : | |
| Plaintiff, | : : | Case No. 1:22-cv-2292 |
| vs. | : : | Judge: |
| **MOUNT ROYAL VILLA, LLC**<br>**dba THE PAVILION**<br>**REHABILITATION AND**<br>**NURSING CENTER**<br>13900 Bennett Rd<br>North Royalton, OH 44133 | : : : : : : : | |
| | : | **Complaint Jury Demand** |
| Defendant. | : : : | |

NOW COMES, Plaintiff Tasha Mills ("Plaintiff") and proffers this Complaint for damages against Defendant Mount Royal Villa, LLC dba The Pavilion Rehabilitation and Nursing Center ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and Ohio Revised Code § 4111 *et. seq.*

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4. Defendant has engaged in interstate commerce thus subjecting it to the legal obligations under the FLSA.

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and performed her job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

## THE PARTIES

6. Plaintiff is a natural person, a United States citizen, and was a resident of the Northern District of Ohio at all relevant times herein. At all relevant times herein, Plaintiff resided in Summit County, Ohio.

7. Defendant is a foreign limited liability company doing business in the Northern District of Ohio.

## FAIR LABOR STANDARDS ACT

8. At all times relevant herein, Plaintiff was an employee of Defendant.

9. Defendant is an eligible employer, as defined by the FLSA.

10. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND

11. Plaintiff was hired by Defendant as a dietary manager, where she performed managerial duties on a salary basis.

12. At or around the end of 2021, Plaintiff was in a car accident and suffered injuries which required her to take leave from work from December 2021 to March 2022.

Plaintiff returned to work at Defendant part-time in or around March 2022, while she continued to recover.

13. In or around May 2022, Plaintiff returned to work at Defendant full-time.

14. After Plaintiff's return to full-time work in May 2022, Defendant underpaid and misclassified her as an FLSA-exempt employee.

15. Defendant required Plaintiff to perform the job duties of several non-exempt positions.

16. Plaintiff spent more than half of her time completing non-exempt job duties including cooking for residents, cleaning dishes, pushing carts, and engaging in other manual labor traditionally performed by cooks or aides.

17. Plaintiff spent less than half of her time performing managerial work such as supervising staff and overseeing food care, orders, and scheduling.

18. After her return to full-time work in May 2022, Defendant impermissibly paid Plaintiff on an hourly basis when she worked under 80 hours in a two-week period and paid her on a salary basis when she worked over 80 hours in a two-week period, compensating her for up to 80 hours of work each pay period and denying her overtime wages to which she is entitled for the hours she worked past the 80-hour mark.

19. Defendant also failed to pay hourly wages to Plaintiff, even for time she worked under 80 hours in a two-week period.

20. During the pay period ranging from May 19 to June 1, 2022, Plaintiff worked for 83 hours but was only compensated for 80 hours of work. Defendant failed to pay Plaintiff any compensation for the 3 hours of overtime she worked during this period.

21. During the pay period ranging from June 2 to June 15, 2022, Plaintiff worked for 134.5 hours and was paid for only 80 hours. Defendant failed to pay Plaintiff any compensation for the 54.5 hours of overtime she worked during this period.

22. During the pay period ranging from June 16 to June 29, 2022, Plaintiff worked for 65 hours but was only paid for 56.5 hours. Defendant failed to pay Plaintiff for 8.5 hours of work during this period.

23. During the pay period ranging from August 11 to August 24, 2022, Plaintiff worked for 70 hours but was only paid for 56 hours. Defendant failed to pay Plaintiff for 14 hours of work during this period.

24. Defendant paid Plaintiff as if she were FLSA-exempt during the pay periods in which Plaintiff worked more than 80 hours, and Defendant paid Plaintiff as if she were non-exempt during the pay periods in which Plaintiff worked fewer than 80 hours.

25. Defendant's misclassification of Plaintiff only provided a monetary benefit to Defendant.

## COUNT I
### FLSA – Failure to Pay Overtime

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 207, and § 216(b).

28. At all times relevant herein, Plaintiff was employed by Defendant as a non-exempt employee.

29. Defendant failed to pay Plaintiff at a rate not less than one and one-half times her regular rate at which she was employed, for all time worked in excess of forty hours per workweek.

30. Plaintiff continuously worked more than 40 hours per workweek.

31. Defendant knew or should have known that it was required to pay Plaintiff time-and-a-half for these additional hours and failed to do so.

32. As a direct and proximate result of Defendant's willful and intentional conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Accordingly, Plaintiff seeks liquidated damages, punitive damages, interest and attorneys' fees, and all other remedies available under 29 U.S.C. §201, *et seq*.

## COUNT II
### O.R.C. 4111 *et seq*. – Failure to Pay Overtime

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. This claim is brought under the Ohio Minimum Fair Wage Standards.

35. Section 4111.03 of the Ohio Revised Code requires an employer to pay its employees for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act.

36. Plaintiff regularly performed work for Defendant in excess of forty hours in one workweek, but Defendant failed to pay Plaintiff for the hours of overtime she worked.

37. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was, and continues to be, a violation of Chapter 4111 of the Ohio Revised Code.

38. For Defendant's violations of O.R.C. 4111, Plaintiff is entitled to recover unpaid wages, statutory damages, interest, attorneys' fees, and all other remedies available under Ohio law.

## COUNT III
### O.R.C. § 4113.15 – Unpaid Wages

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. This claim is brought pursuant to Ohio Revised Code Section 4113.15 – Ohio's Prompt Pay Statute.

41. Defendant unlawfully failed to pay Plaintiff in accordance with Ohio Revised Code Section 4113.15 by failing to pay Plaintiff's wages.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's wrongful deduction from Plaintiff's pay.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Jamie R. Bailey
Jamie R. Bailey (0099789)
*Jamie@thefriedmannfirm.com*
Rachel Sabo Friedmann (0089226)
*Rachel@thefriedmannfirm.com*
Peter G. Friedmann (0089293)
*Pete@thefriedmannfirm.com*
**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Hilliard, Ohio 43026
Phone: (614) 639-6477
Fax: (614) 737-9812

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Jamie R. Bailey
Jamie R. Bailey (0099789)

7