# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TASHA MILLS, | ) | CASE NO. 1:22-cv-2292 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| VS. | ) | |
| | ) | |
| MOUNT ROYAL VILLA, LLC DBA THE PAVILION REHABILITATION AND NURSING CENTER, | ) ) ) ) | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | ) | *Jury Demand Endorsed Hereon* |

Defendant Mount Royal Villa, LLC dba The Pavilion Rehabilitation and Nursing Center ("Defendant") hereby files its Answer to the Complaint Jury Demand (the "Complaint") filed by Plaintiff Tasha Mills ("Plaintiff") and responds to the correspondingly numbered paragraphs as follows:

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to bring claims under the Fair Labor Standards Act (the "FLSA") and Ohio Revised Code § 4111 *et. seq.*, but denies that its policies and practices have violated these statutes, denies any underpayment of Plaintiff, and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations contained in Paragraph 2 of the Complaint accurately describe this Court's jurisdiction.

3. The allegations contained in Paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant

admits that the allegations contained in Paragraph 3 of the Complaint accurately describe this Court's jurisdiction.

4. The allegations contained in Paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 4.

5. The allegations contained in Paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it does business in the Northern District of Ohio and employed Plaintiff within the Northern District of Ohio, and denies the remaining allegations contained in Paragraph 5 of the Complaint.

## THE PARTIES

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

## FAIR LABOR STANDARDS ACT

8. Defendant admits that Defendant has employed Plaintiff since August 2021 and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. The allegations contained in Paragraph 9 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is an employer as defined by the FLSA and denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff was on leaves from January through March, 2022 and returned to work part-time on March 1, 2022 and denies the remaining allegations contained in Paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief about the truth thereof.

13. Defendant admits the allegations contained in the Paragraph 13 of the Complaint

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint and avers that Plaintiff performed managerial duties on a salary basis.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

## COUNT I
### FLSA – Failure to Pay Overtime

26. Defendant reincorporates its responses to the proceeding Paragraphs herein.

27. Defendant admits that Plaintiff purports to bring claims under the FLSA but denies that its policies and practices have violated the FLSA, denies any underpayment of Plaintiff, and denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies that it had any obligation to pay Plaintiff one and one-half times her regular rate of pay at any time during Plaintiff's employment with Defendant, admits that it did not pay Plaintiff one and one-half times her regular rate of pay at any time during Plaintiff's employment with Defendant, and denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. The allegations contained in Paragraph 32 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of the Complaint and denies that Plaintiff is entitled to any damages.

## COUNT II
### O.R.C. 4111 et seq. – Failure to Pay Overtime

33. Defendant reincorporates its responses to the proceeding Paragraphs herein.

34. Defendant admits that Plaintiff purports to bring claims under the Ohio Minimum Fair Wage Standards Act but denies that its policies and practices have violated the Ohio Minimum Fair Wage Standards Act, denies any underpayment of Plaintiff, and denies the remaining allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies that its policies and

practices have violated Ohio Rev. Code § 4111.03, denies any underpayment of Plaintiff, and admits that the allegations contained in Paragraph 35 of the Complaint accurately reflect the requirements of Ohio Rev. Code § 4111.03.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT II
### O.R.C. § 4113.15 – Unpaid Wages

39. Defendant reincorporates its responses to the proceeding Paragraphs herein.

40. Defendant admits that Plaintiff purports to bring claims under the Ohio Prompt Pay Statute but denies that its policies and practices have violated this statute, denies any underpayment of Plaintiff, and denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

44. Plaintiff's Complaint, to the extent that it seeks relief based upon the alleged non-payment of overtime and minimum wage compensation to Plaintiff fails to state a claim upon which relief may be granted because Defendant properly paid Plaintiff for all hours worked.

45. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

46. Plaintiff has not suffered an injury.

47. Plaintiff's claims are barred, in whole or in part, because Defendant did not willfully withhold or fail to pay wages and has, at all relevant times herein, acted in good faith and based upon reasonable factors in conformity with relevant laws, rules, regulations, and/or guidelines.

48. Any recovery by Plaintiff should be limited to the extent she has failed to mitigate damages.

49. Plaintiff is exempt from the overtime requirements of the FLSA, which also bars her Ohio Minimum Fair Wage Standards Act claims pursuant to Ohio Rev. Code § 4111.03(A).

50. Plaintiff's claims are barred due to bona fide disputes concerning the obligation of any payments at issue.

51. To the extent that any of Defendant's alleged actions or omissions were unlawful, which Defendant expressly denies, no such actions or omissions constitute a willful violation, but were done in good faith, based on a reasonable belief that such action or omission was in conformity with the law.

52. Plaintiff is barred from recovery based on the doctrine of "unclean hands."

53. Plaintiff misrepresented her work hours to Defendant and should be barred from taking advantage of her misrepresentation under the "faithless servant" or other doctrine.

54. Plaintiff's claims are barred by the doctrines of acquiescence, waiver, estoppel, and ratification.

55. Plaintiff failed to report any acts to Defendants about her being mis-paid or abide by Defendant's employee handbook and payroll policies.

56. Plaintiff is not entitled to all or part of the relief she is seeking.

57. Plaintiff is not entitled to costs and/or attorneys' fees.

6

58. Defendant is not liable for double, liquidated, or exemplary damages because Plaintiff knowingly submitted to the withholding of wages.

59. Defendant is not liable for punitive damages or post- or pre-judgment interest.

60. Defendant reserves the right to raise additional defenses if and when they become aware of them.

WHEREFORE, Defendant prays that this Court dismiss the Complaint with prejudice, and that it award its costs expended in defending this suit, including but not limited to, reasonable attorneys' fees, expert witness fees, investigation costs, discovery costs, and court fees.

Date: February 21, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*s/ Joseph N. Gross*
　　　　　　　　　　　　　　　　　　　　　　JOSEPH N. GROSS (0056241)
　　　　　　　　　　　　　　　　　　　　　　SHANNON HENRY (0097969)
　　　　　　　　　　　　　　　　　　　　　　Benesch, Friedlander, Coplan & Aronoff LLP
　　　　　　　　　　　　　　　　　　　　　　200 Public Square, Suite 2300
　　　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44114-2378
　　　　　　　　　　　　　　　　　　　　　　(216) 363-4500 (Telephone)
　　　　　　　　　　　　　　　　　　　　　　(216) 363-4588 (Telefax)
　　　　　　　　　　　　　　　　　　　　　　E-mails: jgross@beneschlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　shenry@beneschlaw.com

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant

## JURY DEMAND

Defendant Mount Royal Villa, LLC dba The Pavilion Rehabilitation and Nursing Center hereby demands a trial by jury on all issues so triable.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Joseph N. Gross*
　　　　　　　　　　　　　　　　　　　　　　One of the Attorneys for Defendant

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2023, this Defendant's Answer to Plaintiff's Complaint was electronically filed and will be served through the Court's CM/ECF system.

*/s/ Joseph N. Gross*
One of the Attorneys for Defendant

20779490 v2